**Patricia M. CURRIE,
Plaintiff-Appellant,**

v.

**Sue GUTHRIE, Defendant-Appellee.**

**No. 84–4103**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1984.

Cook, Tucker & Sharp, Henry L. Cook, III, Bay St. Louis, Miss., for plaintiff-appellant.

George Phillips, U.S. Atty., Jackson, Miss., Peter H. Barrett, Asst. U.S. Atty., Biloxi, Miss., Mark N. Stempler, Dept. of the Navy, Litigation Office, Washington, D.C., for defendant-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

Patricia M. Currie brought this action for malicious prosecution against Sue Guthrie in the circuit court of Hancock County, Mississippi. Because Ms. Guthrie was a federal employee when the cause of action arose, the case was removed to the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 1442 (1982). After trial, the jury returned a verdict for the plaintiff for $75,000. The district court granted the defendant's post-trial motion for judgment notwithstanding the verdict, holding that the defendant's status as a federal employee entitled her to absolute immunity from common law tort liability. We affirm the judgment of the district court.

I.

This case arises from an incident that occurred in 1981 while both Ms. Currie and Ms. Guthrie were civilian employees of the United States Navy, working at the United States Naval Oceanographic Office in Bay St. Louis, Mississippi. Ms. Guthrie was Ms. Currie's immediate supervisor. During a counselling session in Ms. Guthrie's office regarding Ms. Currie's job performance, Ms. Currie became extremely upset. Ms. Guthrie contends that Ms. Currie threatened to kill her and that Ms. Currie detailed the specific means by which she would bring this about.[1] Ms. Currie agrees that she went into a "tirade," but says that she cannot remember the details of the conversation. In any event, the confrontation appears to have left Ms. Guthrie visibly shaken and upset.

Ms. Guthrie immediately reported the incident to her supervisor, who in turn reported it to Captain Charles Bassett, the commanding officer of the installation. After Captain Bassett interviewed Ms. Guthrie, he ordered her to go home on administrative leave and assigned military personnel to escort Ms. Guthrie until her husband could pick her up. Captain Bassett advised Ms. Guthrie to file a complaint with the Hancock County Sheriff's Department if she was concerned for her safety.

When Ms. Guthrie arrived home, she called the Sheriff's Department, which advised her to call the Justice of the Peace. Ms. Guthrie met with the Justice of the Peace as soon as possible and signed an affidavit charging Ms. Currie with disturbance of the peace in a public place. Ms. Currie was arrested, tried, and acquitted of this charge. Ms. Currie then brought this action for malicious prosecution that resulted, as previously stated, in the district court's entering a judgment notwithstanding the verdict in favor of Ms. Guthrie.[2]

II.

Ms. Currie contends on appeal that the district court erred in holding that Ms. Guthrie was entitled to absolute immunity from common law tort liability because of her status as a federal employee. She argues that Ms. Guthrie's signing the affidavit against her was a purely personal act, not connected with the performance of Ms. Guthrie's duties as a federal employee. Ms. Currie argues that because Captain Bassett testified that he did not order Ms. Guthrie to file charges, Ms. Guthrie acted beyond the "outer perimeter" of her duties. Therefore, Ms. Currie contends, Ms. Guthrie is not entitled to absolute immunity.

■ We disagree. Federal courts have long recognized the rule that federal employees are immune from common law tort liability arising from acts within the scope of government employment. *See, e.g., Cooper v. O'Connor,* 99 F.2d 135, 137–38

---

1. Ms. Guthrie states that Ms. Currie threatened, among other things, to bring a weapon to the office in her briefcase and to smash Ms. Guthrie's face with a lead pipe. Ms. Currie also allegedly stated that those who tolerated Ms. Guthrie had "no right to live."

2. Officials at the naval installation conducted a thorough investigation of the incident between Ms. Guthrie and Ms. Currie and concluded that Ms. Currie should be removed from federal service for threatening her supervisor. The United States Merit Systems Protection Board affirmed this decision. Ms. Guthrie apparently played no role in these proceedings.

(D.C.Cir.1938). The policy behind this rule is to allow government officials to carry out their duties freely, objectively, and without fear of harassment. Granting immunity to federal employees is designed to improve the quality and efficiency of government services. *Barr v. Matteo,* 360 U.S. 564, 571, 79 S.Ct. 1335, 1339, 3 L.Ed.2d 1434, 1441 (1959).

■ Whether the doctrine of absolute immunity applies in a particular case is a question of federal law. *Norton v. McShane,* 332 F.2d 855, 860 n. 6 (5th Cir. 1964), *cert. denied,* 380 U.S. 981, 85 S.Ct. 1345, 14 L.Ed.2d 274 (1965). In *Barr* the United States Supreme Court articulated the basic test for deciding this question, holding that the privilege of absolute immunity applies so long as the action of the federal employee is within even the "outer perimeter" of the employee's "line of duty." *Barr,* 360 U.S. at 575, 79 S.Ct. at 1341, 3 L.Ed.2d at 1443. This court and other federal courts of appeals have interpreted *Barr* broadly, holding that for absolute immunity to apply "it is only necessary that the action of the federal official bear some reasonable relation to and connection with his duties and responsibilities to be within the scope of his authority." *Claus v. Gyorkey,* 674 F.2d 427, 431 (5th Cir.1982) (quoting *Scherer v. Brennan,* 379 F.2d 609, 611 (7th Cir.), *cert. denied,* 389 U.S. 1021, 88 S.Ct. 592, 19 L.Ed.2d 666 (1967)). *See also Evans v. Wright,* 582 F.2d 20, 21 (5th Cir.1978); *Norton,* 332 F.2d at 858–59.[3]

■ An additional requirement for absolute immunity that the courts have imposed is that the action of the public official must be connected with a "discretionary function." *Norton,* 332 F.2d at 859. A public official's action will be considered "discretionary" if it is "the result of a judgment or decision which it is necessary that the Government official be free to make without fear or threat of vexatious or fictitious suits and alleged personal liability." *Id.,* (quoting *Ove Gustavsson Contracting Co. v. Floete,* 299 F.2d 655, 659 (2d Cir.1962), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1862, 10 L.Ed. 1050 (1963)). This Court recently recognized and applied both the "outer perimeter" and the "discretionary function" aspects of the absolute immunity test in *Williams v. Collins,* 728 F.2d 721, 727–28 (5th Cir.1984).

■ The facts of this case indicate that Ms. Guthrie was acting within the outer perimeter of her duties as a federal employee and performing a discretionary function when she signed the affidavit charging Ms. Currie with disturbance of the peace in a public place. The incident between Ms. Guthrie and Ms. Currie occurred at the naval installation where both women worked. The dispute arose out of problems that had developed in Ms. Guthrie's and Ms. Currie's supervisor-subordinate employment relationship. As a supervisory official, Ms. Guthrie certainly had a duty to report to the proper authorities all crimes or other misconduct that she believed had occurred in the area for which she was responsible. Ms. Currie's "tirade" could have caused Ms. Guthrie reasonably to believe that both her safety and the safety of the workers she supervised were threatened. To protect herself and her co-workers, Ms. Guthrie took the advice of Captain Bassett and reported Ms. Currie's behavior to the appropriate civilian authorities. This action was discretionary and was directly connected to Ms. Guthrie's employment with an agency of the federal government. We hold, therefore, that Ms. Guthrie is entitled to absolute immunity from the tort liability Ms. Currie alleges arose from this incident.

For the reasons discussed in this opinion, we conclude that the district court properly granted Ms. Guthrie's motion for judgment

---

**3.** In *Norton,* we expressed the following interpretation of *Barr:*

> The requirements [sic] that the act be within the outer perimeter of the line of duty is no doubt another way of stating that the act must

have more or less connection with the general matters committed by law to the officer's control or supervision, and not be manifestly or palpably beyond his authority.

332 F.2d at 858–59.

notwithstanding the verdict. The judgment of the district court is therefore AFFIRMED.