**AUTO CLUB INSURANCE ASSOCIATION, Plaintiff,**

v.

**PIPELINE INDUSTRY BENEFIT FUND, Defendant.**

Civ. A. No. 85–70415.

United States District Court,
E.D. Michigan, S.D.

Dec. 13, 1985.

John Wesley Kline, Southfield, Mich., for plaintiff.

Theodore Sachs, Mark Brewer, Detroit, Mich., Thomas J. Schulz, Louisville, Ky., for defendant.

**ORDER**

JULIAN ABELE COOK, Jr., District Judge.

I.

David Kole ("Kole") is insured by Auto Club Insurance Association ("ACIA") un-

---

der a no-fault insurance policy. He is also a member of the Defendant, Pipeline Industry Benefit Fund ("Pipeline"), a self-insured employee welfare benefit plan. After Kole was injured in an accident, ACIA paid one thousand seven hundred twenty-six dollars and fifteen cents ($1,726.15) on his behalf in medical expenses.

Subsequently, ACIA filed a Complaint in a state court against Pipeline, seeking to recover the funds that it had expended on Kole's behalf. According to ACIA, the laws of the State of Michigan, upon which the Complaint is based, require "all No-Fault Auto Insurance Carriers ... [to] offer, at reduced rates, coordinated coverage for personal injury protection benefits. [Those laws also provide] that if the individual insured person is a member of an organization, such as ... [Pipeline], whereby the insured is entitled to health services and/or benefits, then the No-Fault Carrier is not liable to the insured for said benefits."

Pipeline removed the action to this Court, filed an answer, and then moved for summary judgment. Pipeline contends that the Michigan law is preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"). In *Shaw v. Delta Air Lines*, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), the Supreme Court broadly construed the ERISA preemption principles to apply to any state law that has a "connection with or reference to" an ERISA employment benefit plan. Thus, Pipeline argues that it is not bound by Michigan insurance law to coordinate the costs of Kole's medical treatment with ACIA. Instead, it is bound to follow the terms of its own benefit plan, which bars the coordination of benefits that are sought by ACIA since the plan clearly makes coverage secondary to any other insurance policy.

Pipeline further contends that it is bound by Michigan law only if the "insurance savings clause" of 29 U.S.C. § 1144(b), which ostensibly exempts state laws that regulate insurance from ERISA preemption principles, is applicable. Pipeline suggests that Section 500.3109a of the Michigan Compiled Laws prevents the direct regulation of self-insured plans through state insurance law because it expressly precludes the state from treating such funds as insurers. *Metropolitan Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985).

In response, ACIA characterizes Section 500.3109a as an insurance law which states that "an insurer providing personal protection insurance benefits shall offer, at ... reduced rates, deductibles and exclusions reasonably related to other health and accident coverage ...," and which, by case law, makes coverage provided by the no-fault insurer secondary coverage. ACIA notes that Pipeline's self-insured benefit plan offers "health and accident coverage." Thus, ACIA concludes that Pipeline's plan is covered by Section 500.3109a.

ACIA admits that "certain aspects of this law may indirectly effect [Pipeline's] self insured ERISA plan...." Nevertheless, ACIA contends that ERISA does not preempt Section 500.3109a for several reasons. First, Pipeline is only a health care provider. Moreover, ACIA notes that Section 500.3109a regulates no-fault carriers but not health care providers like Pipeline. Second, Section 500.3109a does not attempt to bring ERISA self-insured plans under the control of state insurance laws. Third, Section 500.3109a "evinces a clear legislative intent to ensure that no-fault insurers provide only secondary coverage; therefore, it is designed to contain or reduce insurance costs." Fourth, Section 500.-3109a does not mandate the provisions of a self-funded ERISA plan. Fifth, Michigan's No-Fault Insurance Act merely removes one source of benefits from the list of those with which Pipeline's plan is coordinated. Sixth, only in dicta did the Supreme Court hold in *Metropolitan Ins. Co., supra*, that self-insured plans could not be regulated by state insurance laws like Section 500.3109a. Seventh, ACIA is secondary to Pipeline because ACIA provides benefits which were not enumerated in the wording of Pipeline's coordination clause.

In reply, Pipeline stresses that, under the ERISA preemption principles, a state need not directly regulate benefit plans. Instead, it is sufficient if the state regulation "relates to" a benefit plan. The words "relate to" are broadly construed to mean a "connection with or reference to" the plan. Thus, according to Pipeline, state laws, which directly or indirectly regulate ERISA plans by statute or case law, are preempted.

## II.

The general preemption clause of ERISA preempts "any and all State laws insofar as they ... *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). The insurance saving clause of ERISA qualifies that general preemption clause. Thus, if Section 500.3109a "relates to" an ERISA plan, then it is preempted unless it falls within the insurance saving clause. 29 U.S.C. § 1144(b)(2)(A)–(B). *Metropolitan Life Ins. Co.*, 471 U.S. at 731–733, 105 S.Ct. at 2385–2386. However, Section 500.3109a can still be preempted if it falls within the deemer clause. Therefore, this Court will consider whether Pipeline is subject to ERISA regulation, whether Section 500.3109a "relates to" Pipeline, and whether Section 500.3109a is exempt from ERISA preemption principles.

## III.

ERISA subjects only those plans to federal regulation which provide employees with fringe benefits. It is designed to promote the interests of employees and their beneficiaries in employee benefit plans. "Employee benefit plans" include pension plans and welfare plans. *Shaw*, 463 U.S. at 90, 103 S.Ct. at 2896. "Employee benefit plans [provide] medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability [or] death." 29 U.S.C. § 1002(1). To be an employee benefit plan or an employee welfare plan, the benefits need not be provided through the purchase of insurance. *Id.* (benefits can be provided "through the purchase of insurance or otherwise"); *see also Metropolitan Life Ins. Co.*, 471 U.S. at 731, 105 S.Ct. at 2385.

In the instant case, neither party appears to dispute that Pipeline is an ERISA regulated benefit plan. It is denominated as Pipe Line Industry Benefit Fund. It appears to provide to employees with welfare benefits which are similar to those listed above. As a consequence, this Court concludes that Pipeline is an ERISA regulated benefit plan.

## IV.

Although Section 500.3109a has not been denominated as a benefit-plan law, Mich. Comp. Laws Ann. 500.3109a; *see also Metropolitan Life Ins. Co.*, 471 U.S. at 738, 105 S.Ct. at 2389, it indirectly and substantially bears upon ERISA plans in that it would require a contribution toward the total amount of benefits that are provided to an insured. That contribution would be an amount which is based upon the total amount of combined policy limits of each personal protection on other health and accident policies that are held by the insured.

## V.

An exception to the ERISA general preemption clause is the insurance saving clause, which states that ERISA shall not be "construed to exempt or relieve any law of any state which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). An exception to the insurance saving clause is the deemer clause which determines that an ERISA benefit plan shall not be construed as an insurance company "for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies." 29 U.S.C. § 1144(b)(2)(B).

In *Metropolitan Life Ins. Co., supra,* the Supreme Court considered the confluence of ERISA's general preemption clause, insurance saving clause and deemer clause. In distinguishing between the insured and the uninsured plans, the Court explicitly stated that "the former [are] open to individual regulation while the latter are not." The insurance saving clause will only protect state laws from preemption which indirectly regulate insured

plans. The insurance saving clause will not save state laws from preemption that *indirectly* or *directly* regulate *uninsured* plans.

■ An insured plan, according to the Supreme Court, is one that is commercially insured, *i.e.*, one which purchased insurance for its participants. *Metropolitan Life Ins. Co.*, 471 U.S. at 731, 105 S.Ct. at 2385. *A fortiori*, an uninsured plan is one that includes self-insured plans, as well as plans that are neither self-insured nor commercially insured. In the instant case, Pipeline is self-insured. Therefore, Pipeline is an "uninsured" plan. Hence, under the dictates of *Metropolitan Life Ins. Co.*, Section 500.3109a, may not directly or indirectly regulate Pipeline.

■ The Court concludes that Section 500.3109a indirectly regulates Pipeline. It requires Pipeline to coordinate benefits with other insurers. Thus, this Court holds that Section 500.3109a is preempted by ERISA. As a matter of law, therefore, Pipeline is not required to coordinate its benefits with ACIA. Summary judgment must be entered in favor of Pipeline. Summary judgment is denied to ACIA.

IT IS SO ORDERED.