**NORTHERN GROUP SERVICES, INC., Masco Industries, Inc. Employees' Benefit Plan for Hourly Employees of Forming Technology: Masco Industries' Inc. Employee's Benefit Plan for Salaried Employees; Masco Industries, Inc. Self-Funded Employee Benefits Plans, and Highland Appliance Companies Medical Benefit Plan, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Auto Owners Insurance Company, Auto Club Insurance Association, Farmers Insurance Exchange, Citizens Insurance Company of America, Michigan Mutual Insurance Company, Jointly and Severally, Defendants.**

Civ. No. 85 75383.

United States District Court,
E.D. Michigan, S.D.

June 11, 1986.

Stephen Wassinger, Honigman, Miller, Schwartz and Cohn, Detroit, Mich., for plaintiffs.

John A. Ashton, Plymouth, Mich., for defendant State Farm.

Stephen E. Glazek, Detroit, Mich., for defendants Auto Owners, Citizens and Michigan Mut.

David J. Lanctot, Detroit, Mich., for defendant Auto Club Ins.

James L. Borin, Detroit, Mich., for defendant Allstate Ins.

Thomas F. Kauza, Detroit, Mich., for defendant Farmer Ins.

### MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

This is an action for declaratory and injunctive relief. Plaintiff Northern Group Services, Inc. (NGS) is the Plan Supervisor for the plaintiff employee benefit plans; which include the Masco Industries, Inc. Employee Benefit Plan for Hourly Employees of Farming Technology; the Masco Industries, Inc. Employees' Benefit Plan for Salaried Employees; the Masco Industries, Inc. Self-funded Benefit Plans (the Masco Plans) and the Highland Appliance Companies Medical Benefit Plan (Highland Plan). These employee health and welfare benefit plans are subject to regulations contained in the Employee Retirement Income Security Act, 29 U.S.C. § 1132(e). This court also has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2201–2202.

The Plans provide health and medical benefits to the Plan participants and their beneficiaries. Their benefits include payment of medical, surgical, hospital, nursing and rehabilitative costs which result from injuries the participant or beneficiary may suffer from an automobile accident. Each Plan contains a coordination of benefits provision which states that the Plan will be secondarily liable, after statutorily required no fault vehicle insurance coverage, for payment of benefits to such injured beneficiaries. The typical clause is found in the Masco Plan:

> If your state has a no-fault motor vehicle law, the coverage required by the state is considered primary for motor vehicle related medical expenses ... Any eligible expenses which are not paid by that carrier will then be considered for payment by Masco Medical Plan. The Masco Medical Plan is considered secondary for no-fault motor vehicle expenses.

The defendants are seven insurance companies which provide medical insurance coverage for injuries related to automobile accidents: State Farm Mutual Automobile Insurance Company, Auto Owners Insurance Company, Auto Club Insurance Association, Farmers Insurance Exchange, Citizens Insurance Company of America, Michigan Mutual Insurance Company, and Allstate Insurance Company. These insurance companies do business in the State of Michigan. They have issued no-fault automobile insurance policies to Michigan residents pursuant to the provision of the Michigan No-Fault Automobile Insurance Act, M.C.L.A. § 500.3109a, which states that, when an insured is protected by other health and accident insurance coverage, a coordination of benefits policy must be offered to that insured: "[a]n insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates deductibles and exclusions reasonably related to other health and accident coverage on the insured."

Plaintiffs seek the adjudication of this court that M.C.L.A. § 500.3109a is preempted by ERISA; or alternatively,

they seek an order restraining defendants from claiming reimbursement from plaintiffs for the medical expenses which defendants have paid to beneficiaries of plaintiff ERISA plans pursuant to no-fault insurance policies. The parties have filed cross motions for summary judgment.

■ As a preliminary matter, defendant State Farm argues that plaintiffs lack standing to bring this claim. 29 U.S.C. § 1132(a)(3) provides that plan participants, beneficiaries and fiduciaries may bring an ERISA claim.

State Farm contends that plaintiff NGS, as Plan Administrator, lacks the discretionary control over the assets of these plans which is characteristic of true fiduciaries. ERISA defines a fiduciary as one who "exercises any discretionary authority or discretionary control respecting management of such plans or ... disposition of its assets, he renders investment advice for a fee or other compensation ... with respect to any moneys or other property, or he has discretionary authority or responsibility in the administration of the plan." 29 U.S.C. § 1002(2). Although William Alcott, III, the President of NGS, testified at his deposition that Masco Inc. retains substantial decisionmaking power over its plans, NGS as supervisor of the Plans, provides administrative services, such as the determination of claims, on the Plan's behalf. Moreover, under 29 U.S.C. § 1132(d)(1) this circuit has held that Plans may sue and be sued as an entity. *Saramar Aluminum Co. v. Pension Plan for Employees of the Aluminum Industry*, 782 F.2d 577, 581 (6th Cir.1986). "The Plan, as the party before the court, necessarily includes those who must act for the Plan [such as NGS] to administer it and to effectuate its policies." *Id.* This court accordingly finds that plaintiffs do have standing to bring this action. Moreover, defendants themselves have sued NGS as administrator, so NGS does have a substantial stake in the outcome of this case.

■ NGS and the Plans argue here that M.C.L.A. § 500.3109a is a state law which "relates to" an employee benefit plan with-

in the meaning of 29 U.S.C. § 1144(a) which provides that "the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan ..." The term "relates to" has been interpreted by the United States Supreme Court to refer to any state law which has "a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983).

The No-Fault Act will accordingly be preempted unless, as defendants allege, it falls within the savings clause of ERISA. Section 1144(b)(2)(A) of ERISA provides that nothing in section 1144(a) shall be construed to exempt a state law which regulates insurance, banking or securities. However, section 1144(b)(2)(B) states that ERISA plans "shall not be deemed to be an insurance company or other insurer ... or to be engaged in the business of insurance ... for the purpose of any law of any state purporting to regulate insurance companies." The Masco and Highland Plans do not provide insurance coverage for participants and they are not insurers within the meaning of ERISA or any other definition of that term, they merely pay benefits from a fund. There was argument here that plaintiff Highland Plan was an insured plan, as it has purchased some insurance. The United States Supreme Court has indeed defined an insured plan as one which purchases insurance for its participants. *Metropolitan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 105 S.Ct. 2380, 2385, 85 L.Ed.2d 728 (1985). The evidence clearly shows, however, that the insurance acquired by the Highland Plan is obtained to insure the Plan against the employer's failure or inability to make contributions to the Trust Fund.

The Michigan No-Fault Automobile Insurance Act is preempted to the extent that it has impact on the ERISA Plans. The applicable ERISA statute provides that all state laws which relate to employee benefit plans are superceded by ERISA. 29 U.S.C. § 1144(a). Therefore, plaintiffs claim, section 500.3109a is preempted by ERISA because the State of Michigan would otherwise by its insurance laws be regulating federal ERISA plans and dictating when and to whom benefits should be paid by federally authorized fiduciaries. It appears to the court that the conclusion of preemption is mandatory in this instance because to allow the State of Michigan to control payment of federal benefits would be contrary to Congress' intent to "occupy [that] field." *Ogden v. Michigan Bell Tele. Co.,* 571 F.Supp. 520, 523 (E.D.Mich. 1983). Congress has determined that private fiduciaries are to administer such plans in their discretion, in accordance with certain federal policies. To permit the state also to regulate distribution of the assets of those same plans would inevitably result in thwarting Congressional policy and would also discourage employers from establishment of new plans. Congress did not see fit to dictate payment of any specific benefits after full consideration of that alternative. It chose to free the fiduciary from arbitrary constraints. The Supreme Court directed questions concerning the wisdom of that intent directly to Congress. *Metropolitan Life,* 105 S.Ct. at 2385. Certainly this court cannot permit the State Legislation to intrude into an area which Congress specifically chose to leave open for private discretion.

Case law requires this conclusion. In *Children's Hospital v. Whitcomb,* 778 F.2d 239, 242 (5th Cir.1985), another declaratory judgment action, the hospital sued for a determination regarding the meaning and application of provisions of its self-insured Employee Welfare Benefit Plan under ERISA. A member of the hospital's Plan was treated in Louisiana for mental and emotional disorders. The Plan limited payment for such treatment to $50,000 and she demanded full payment. The hospital administrator denied the request.

The Louisiana statute provided that the plans must pay benefits for mental or nervous disorders under the same conditions as they pay benefits for other treatment. The Court of Appeals for the Fifth Circuit af-

firmed the district court's decision that ERISA mandates that private ERISA plan provisions must control and supercede conflicting state law. The court made its ruling based upon an analysis of ERISA's preemption, insurance savings and deemer clauses. It held that "ERISA preempts the Louisiana statute insofar as it relates to a self-insured plan, although it would not preempt if the plan were an insured plan." *Id.* at 242. This distinction was also made by the *Metropolitan Life* Court. 105 S.Ct. at 2393.

The factual situation of *Auto Club Ins. Asso. v. Pipeline Industry Benefit Fund,* —— F.Supp. —— CA No. 85–70415 (E.D. Mich. 12/13/85) (Cook, J.), is remarkably similar to this case. In *Auto Club Ins.,* the plaintiff insurer had paid medical expenses of its insured and sued the Plan for reimbursement under the coordinated benefit statute—M.C.L.A. § 500.3109a. Two of the issues before that court were whether M.C.L.A. § 500.3109a relates to the Plan and whether section 500.3109a is exempt from ERISA preemption principles.

The court held that section 500.3109a would, if given effect, directly regulate the uninsured Pipeline Benefit Fund and was accordingly preempted. The savings clause will only save state laws regulating commercially insured plans from preemption.

■ Defendants also argue that Michigan law controls here because the parties are estopped from denying their contractual agreement that "to the extent not inconsistent with Federal law the Plan shall be interpreted under the laws of Michigan." But defendants fail to recognize that section 500.3109a does indeed conflict with ERISA, a federal statute. The Masco Plan in this case expressly provides that payment of benefits will be secondary to coverage which may be required by the state. The other plans incorporate similar language.

■ The No-Fault Act, according to defendant, raises Plan status to that of primary liability. It would be highly inconsistent with federal law to permit such a reading to govern. The principles of estoppel are also inapplicable under these circumstances.

■ Defendants also allege that two of the Plan's members must have misrepresented that they had other insurance coverage to the insurance agent because otherwise, a coordination of benefits policy could not have been written. Allegedly, the agent relied upon this misrepresentation; and the policy was *void ab initio.* No estoppel or misrepresentation can be inferred by any of the undisputed facts and no dispute exists as to any material fact. This record reflects only that plan beneficiaries disclosed their status as such to the insurers.

■ Finally, defendant Farmers Insurance Exchange protests that it should not have been named as a defendant in this case because it has not made any claims against plaintiffs. Thus, Farmers claims that there is no case or controversy as to it. The court finds that there is indeed no justiciable controversy as to Farmers Insurance Exchange because it has not filed any claims against plaintiffs. The court may not issue advisory decisions for hypothetical situations or instances in which a party anticipates a cause of action. *Caldwell v. Craighead,* 432 F.2d 213, 218 (6th Cir.1970). 28 U.S.C. §§ 2201–2202 cloaks this court with jurisdiction only "in a case of actual controversy within its jurisdiction...." That controversy must exist on the date the complaint is filed. Accordingly, the complaint as to Farmers Insurance Exchange is dismissed.

IT IS THEREFORE ORDERED that, for the reasons outlined above, M.C.L.A. § 500.3109a is preempted by ERISA and plaintiffs' motion for summary judgment is granted.

IT IS FURTHER ORDERED that Farmers Insurance Exchange's motion to dismiss is granted and the complaint as to Farmers Insurance is dismissed.

IT IS SO ORDERED.