**PHYSICIANS HEALTH PLAN, INC., a Michigan non-profit corporation, Plaintiff,**

v.

**CITIZENS INSURANCE COMPANY OF AMERICA, State Farm Mutual Automobile Insurance Company, Auto Owners Insurance Company, Auto Club Insurance Association, and Allstate Insurance Company, Defendants,**

and

**State of Michigan, Intervening Defendant.**

No. G86–1097 CA7.

United States District Court, W.D. Michigan, S.D.

Nov. 10, 1987.

**904**

Charles L. Sweeris, Miller, Canfield, Paddock & Stone, Grand Rapids, Mich., for plaintiff.

John Coté, Willingham & Coté, East Lansing, Mich., for Citizens Ins. Co. and State Farm Mut. Ins. Co.

Terrance M. Lynch, Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Farmington Hills, Mich., for Allstate Ins. Co. and Auto Owners Ins. Co.

David J. Lanctot, Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster, Detroit, Mich., for Auto Club Ins. Assoc.

Harry G. Iwasko, Jr., Office of the Attorney General, Frank J. Kelley, Lansing, Mich., for the State of Mich.

### DECLARATORY JUDGMENT

BELL, District Judge.

This is an action primarily for declaratory and injunctive relief. The complaint calls into question the application of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461, and the Health Maintenance Organization Act of 1973, 42 U.S.C. §§ 300e to 300e–17, to insurance policies issued pursuant to the no-fault automobile insurance provisions of the Michigan Insurance Code.

Plaintiff Physicians Health Plan, Inc., is a state licensed and federally qualified health maintenance organization (HMO). Defendants Citizens Insurance Company, State Farm Mutual Automobile Insurance Company, Auto Owners Insurance Company, Auto Club Insurance Association, and Allstate Insurance Company are duly licensed no-fault automobile insurance companies. In addition, the State of Michigan has been granted leave to intervene as a defendant. Now before the Court are plaintiff's motions for summary judgment and for leave to amend the complaint, as well as defendants' motions to dismiss and/or for summary judgment.

Plaintiff contracts with employers to provide health and medical benefits for employee benefit plans. Plaintiff's contracts contain coordinated benefits provisions which subordinate its liability to provide benefits to other available coverage an enrolled employee may have. Plaintiff includes these provisions pursuant to the Health Maintenance Organization Act (HMO Act), 42 U.S.C. § 300e(b)(1), which permits an HMO to charge an insurance carrier for benefits provided to a member who has parallel insurance coverage. Defendants' no-fault automobile insurance policies contain similar provisions subordinating their liability to provide benefits to other available health care coverage, pursuant to § 3109a of the Michigan Insurance Code, M.C.L. § 500.3109a. This statute requires a no-fault insurer to offer a coordinated benefits policy with an appropriately reduced premium to persons who have other health coverage. By their coordinated benefits provisions, plaintiff and defendants seek to limit their own liability, where there would otherwise be double coverage, to the amount of loss in excess of coverage provided by the other contract. Each party disclaims primary liability for benefits to individuals who are both insured by the defendant no-fault insurance carriers and also members of the plaintiff HMO where both contracts have coordinated benefits

provisions. In its complaint, plaintiff prays for a judicial declaration that its coordinated benefits provision prevails over defendants' similar provisions because the HMO Act and the Employee Retirement Income Security Act (ERISA) preempt application of Michigan Insurance Code § 3109a.

## I. H.M.O. ACT

■ HMOs are licensed and regulated by state law. The HMO Act primarily governs the eligibility of an HMO for federal assistance. Originally, HMOs were required to provide basic and supplemental health services "without limitations as to time or cost" in order to be federally qualified. 42 U.S.C. § 300e(b)(1973). In 1978, Congress amended 42 U.S.C. § 300e(b) to permit HMOs to exclude liability or seek reimbursement for providing services to members otherwise covered without losing their federal qualification. 42 U.S.C. § 300e(b)(1), Pub.L. 95–559 §§ 10(a), 11(b), 92 Stat. 2131, 2137 (1978). It does not appear this amendment was designed to preempt any state insurance laws. See S.Rep. No. 837, 95th Cong., 2d Sess. 9, *reprinted in* 1978 U.S.Code Cong. & Admin.News 4935, 4943. H.Con.Rep. No. 1784, 95th Cong., 2nd Sess. 21, *reprinted in* 1978 U.S.Code Cong. & Admin News 4958, 4966 (1978). The HMO Act's preemptive scope and effect is defined at 42 U.S.C. § 300e–10, captioned "Restrictive State Laws and Practices." This section neither explicitly nor impliedly indicates Congressional intendment that the HMO Act preempts state no-fault automobile insurance laws. The Court, concludes, therefore, that the HMO Act does not preempt Michigan statutory no-fault insurance provisions.

Even in the absence of preemption, however, plaintiff maintains its coordination of benefits provision ought to prevail, in furtherance of the policy established by the HMO Act. Section 300e(b)(1) of the HMO Act provides:

> For the provision of such services for an illness or injury for which a member is entitled to benefits under an insurance policy, a health maintenance organization may charge or authorize the provider of such services to charge the insurance carrier under such policy.... 42 U.S.C. § 300e(b)(1).

Plaintiff submits this provision is evidence of Congressional policy favoring imposition of primary liability upon insurance carriers. Moreover, plaintiff asserts, Michigan law affirmatively requires no-fault insurers to provide benefits for injuries incident to an automobile accident. Section 3107 of the Michigan Insurance Code provides:

> Personal protection insurance benefits are payable for the following: (a) Allowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accomodations for an injured person's care, recovery or rehabilitation. M.C.L. § 500.3107.

Plaintiff argues that, since the obligation of no-fault insurers is thus mandated by statute, HMOs are free to subordinate their coverage.

Plaintiff's analysis ignores § 3109a of the Michigan Insurance Code, which provides in part:

> [A no-fault automobile] insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured.... M.C.L. § 500.3109a.

The phrase "other health and accident coverage on the insured" includes more than just traditional health insurance; it has specifically been held to include benefits and services provided by an HMO. *United States Fidelity & Guaranty Co. v. Group Health Plan of Southeast Michigan,* 131 Mich.App. 268, 345 N.W.2d 683 (1983). In furtherance of the policy established by § 3109a, the Michigan Supreme Court has held that, where coordinated benefits provisions of a health insurance policy and a no-fault automobile insurance policy conflict, the health insurance coverage is primary. *Federal Kemper Insurance Co. v. Health Insurance Administration, Inc.,* 424 Mich. 537, 383 N.W.2d 590 (1986).

Thus, under Michigan law, where the no-fault insurance policy contains a coordi-

nated benefits clause, the no-fault coverage is deemed secondary to other health and accident coverage. The HMO Act is not necessarily in conflict with this rule. Under 42 U.S.C. § 300e(b)(1), an HMO is *permitted* to charge an insurance carrier for services provided by an HMO to its members where the member is also entitled to benefits for such services under an insurance policy. Where, as here, state law provides that HMO members are *not* entitled to no-fault insurance benefits if both the HMO health care contract and no-fault policy contain coordinated benefits provisions, there is no conflict.

Accordingly, the Court finds the HMO Act poses no obstacle, through preemption or otherwise, to Michigan's policy rendering no-fault insurance liability secondary to other health and accident coverage.

## II. E.R.I.S.A.

Plaintiff also contends the Employment Retirement Income Security Act (ERISA) preempts M.C.L. § 3109a and its judicial construction. ERISA, which comprehensively regulates employee benefit plans, includes its own preemption section, 29 U.S.C. § 1144, which provides:

(a) Except as provided ... the provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described ... in this title ...

(b)(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance....

(B) Neither an employee benefit plan ... nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer ... for purposes of any law of any State purporting to regulate insurance companies, insurance contracts....

ERISA supersedes any state law insofar as it "relates to" an employee benefit plan. It exempts or saves state insurance law from preemption. However, employee benefit plans are not to be treated as insurance companies for purposes of state insurance law.

There are two reasons for which the Court concludes ERISA does not preempt Michigan law in this case. First, M.C.L. § 500.3109a does not sufficiently "relate to" an employee benefit plan. Second, M.C.L. § 500.3109a is a state insurance law that is exempted from preemption.

### A

Facially, § 3109a relates only to no-fault automobile insurers and not to employee benefit plans. The Sixth Circuit Court of Appeals has observed that state laws having only a "tenuous, remote, or peripheral" effect on an employee benefit plan do not "relate to" it sufficiently to trigger ERISA preemption under 42 U.S.C. § 1144(a). *Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 553–554 (6th Cir.1987) citing *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). In *Firestone*, which involved a municipal income tax ordinance, the court identified several factors for evaluating the "relatedness" of a state law to an employee benefit plan for purposes of preemption. The Court must consider whether a state law is (1) a traditional exercise of state authority, (2) affects relations between the principal ERISA entities—employer, plan, plan fiduciaries, beneficiaries, and (3) only incidentally affects an employee benefit plan.

In the present case, § 3109a is an exercise of traditional state authority and directly affects only the relationship between an employee benefit provider—the HMO—and a third party no-fault automobile insurer. Moreover, the incidental effect upon the employee benefit plan does not affect the plan's structure or function. The effect is merely economic, which alone is insufficient to invalidate it. *Rebaldo v. Cuomo*, 749 F.2d 133 (2nd Cir.1984), *cert. den.*, 472 U.S. 1008, 105 S.Ct. 2702, 86 L.Ed.2d 718 (1985); *Employers Association of New Jersey v. State of New Jersey*, 601 F.Supp. 232, 240 (D.C.N.J.1985) *aff'd* 774 F.2d 1151 (3d Cir.1985). Hence, the Court finds § 3109a is not sufficiently re-

lated to plaintiff's employee benefit plan to trigger ERISA preemption.

### B

Further, § 3109a and its judicial construction constitute state insurance law and are, therefore, exempt from ERISA preemption. The exemption clause in § 1144(b)(2)(A) accords with the McCarran-Ferguson Act. specifically 15 U.S.C. § 1012(a), which provides: "The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business." Whether a state law regulates the business of insurance is a function of whether it spreads risk, integrally affects the relationship between the insurer and the insured, and is limited to the risk spreading parties. *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Section 3109a does all three and is clearly a state insurance law. This fact having been determined, the question becomes whether § 3109a is exempt from preemption even insofar as it relates to HMO coverage provided in an employee benefit plan.

In *Metropolitan Life*, the Supreme Court broadly construed the saving provision to exempt from preemption state insurance laws that only indirectly relate to employee benefit plans. Where a state law required all health insurance policies to provide minimum mental health care benefits, the court held that, even as applied to insurers of employee benefit plans, the law would not be preempted by ERISA. *Metropolitan Life, supra,* 471 U.S. at 732–747, 105 S.Ct. at 2385–2393.

Case law, however, distinguishes between insured and uninsured or self-funded employee benefit plans. *Metropolitan Life, supra; Auto Club Insurance Association v. Pipeline Industry Benefit Fund,* 654 F.Supp. 188 (E.D.Mich.1985); *Northern Group Services v. State Farm Mutual Automobile Insurance Co.,* 644 F.Supp. 535 (E.D.Mich.1986). State laws which relate to self-funded employee benefit plans are not exempt from preemption because

such plans are not insured. Self-funded plans do not spread the risk of loss to a third party, but accept the risk of liability themselves. The saving clause properly applies only to laws which relate to entities engaged in the business of insurance which are subject to state regulation, not to uninsured employee benefit plans. This point is underscored by 29 U.S.C. § 1144(b)(2)(B), which prohibits states from deeming self-funded employee benefit plans to be insurers for purposes of state insurance regulation.

The ERISA saving clause permits Michigan to indirectly regulate *insured* plans because ERISA does not exempt or relieve any insurer from the effect of state laws regulating the business of insurance. The Michigan statutory scheme requires insured plans with coordinated benefits provisions to assume primary liability where an employee is also covered by a no-fault automobile insurance policy with a coordinated benefits provision. Thus, the critical issue is whether an HMO is an insurer for purposes of applying the ERISA saving clause.

HMOs and insurance companies share the indicia of the "business of insurance." Both assume the risk that their members or insureds will require benefits in excess of the consideration paid. An HMO accepts the risk as an obligation to directly provide benefits to its members. An insurance company accepts the risk as an obligation to indemnify its insureds for the cost of such benefits. The difference is immaterial. In either scheme, the principle is the same: for a fixed fee, the risk and responsibility of providing benefits is shifted from a beneficiary to a third party insurer.

Courts have considered other innovative health care systems such as medical and hospital corporations (e.g., Blue Cross & Blue Shield plans) as insurers for purposes of applying the ERISA saving clause. *Blue Cross & Blue Shield of Kansas City v. Bell,* 798 F.2d 1331 (10th Cir.1986). Such plans assume the financial risk of providing benefits to their members and

are therefore insurers for purposes of the saving clause.

Plaintiff Physicians Health Plan provides health care benefits for a fee to members of employee benefit plans. Plaintiff, not the employee benefit plan itself, bears the risk of loss. Hence, the Court holds plaintiff is an insurer for purposes of the ERISA saving clause. It follows that § 3109a is exempt from preemption even insofar as it relates to plaintiff's HMO health and medical coverage.

■ Section 3109a, as construed by Michigan courts, controls the present dispute. In furtherance of the policy established thereby, the Court holds that where a person is covered under an HMO membership and a policy of no-fault insurance, both of which contracts contain *conflicting* coordinated benefit provisions, the no fault insurance coverage is subordinate to that of the HMO membership. Whether the coordinated benefits provisions presented by the parties to this action are effective and actually conflicting is a question of contract interpretation better resolved in the state courts.

### III. MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff has moved the Court for leave to amend its complaint so as to allege that defendants' no fault insurance policies "do not purport to coordinate benefits with health maintenance organizations." The proposed amendment presents an element of a pendent state law claim requiring interpretation of contract language. This Court's jurisdiction to entertain the amended complaint is pendent to the question of federal preemption of state law. Although the Court, in its discretion, could exercise jurisdiction to hear this claim as arising out of a common nucleus of operative fact, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), it declines to do so. The Court has already decided the foundational federal questions and perceives no compelling reason to retain this case merely to resolve state contract law issues. Plaintiff's motion for leave to amend the complaint is denied.

### IV. CONCLUSION

Accordingly, plaintiff's motions for summary judgment and for leave to amend are denied. Defendants' motions for summary judgment are granted. The Court holds that § 3109a of the Michigan Insurance Code is not preempted by either the HMO Act or ERISA, and constitutes the controlling law in this dispute. Judgment on these critical issues of federal law is hereby awarded in favor of defendants. Resolution of remaining issues posed by plaintiff's action, constituting questions of state law, is left for the state courts.

IT IS SO ORDERED.